UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-366-GWU

KATHLEEN PERDUE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

This case is before the court on an application for Supplemental Security Income (SSI) originally filed by the plaintiff on March 7, 2003. (Tr. 48). After a period of reconsideration prompted by the undersigned's Memorandum Opinion, Order, and Judgment of February 21, 2006 (Tr. 300-11), the case is once again before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a

1

whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair

3

reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The court had previously remanded the case because the Administrative Law Judge (ALJ), while purportedly adopting the opinions of state agency reviewing psychologists in 2003 (Tr. 161-65), failed to include any hypothetical limitation on the plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable length and number of rest periods (Tr. 310-11, 318-19).

On remand, a new ALJ obtained additional evidence and again questioned a Vocational Expert (VE) regarding the availability of jobs to a person of the plaintiff's age, education, and work experience who was capable of "light" level exertion with a sit/stand option every hour, and who also had the following additional non-exertional restrictions.  (Tr. 444-5).  She: (1) could not stoop, crawl, or climb ladders, ramps, or scaffolding; (2) would be limited to simple, one- and two-step job

07-366 Kathleen Perdue

instructions; (3) would have a "limited but satisfactory" ability to interact with supervisors, deal with work stresses, and maintain attention and concentration; and (4) had no useful ability to deal with the public. (Id.). The VE again responded that there would be jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 445).

The ALJ again purportedly relied on the conclusions of the state agency psychologists from 2003, and gave no indication that the court's remand was even considered in his decision. (Tr. 291). The same defects that prompted the remand in 2006 are present in the new administrative decision. Moreover, there was additional evidence from a treating psychiatric source, Dr. Alan Myers, who began treating the plaintiff in June, 2006, that she had poor or no ability in all categories of occupational, performance, and personal-social adjustment. (Tr. 394-7, 414-16). Therefore, no useful purpose would be served by another remand.

An order and judgment awarding benefits to the plaintiff will be entered simultaneously with this opinion.

This the 6th day of August, 2008.

Signed By:

<u>G. Wix Unthank</u> 

**United States Senior Judge**